U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 APR 11  AM 11: 29

CLERK

BY  Ltw
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MEGAN COMBATTI<br>and SUZANNE MUELLER,<br><br>Plaintiffs,<br><br>V.<br><br>THE AMERICAN RED CROSS,<br>RED CROSS OF NORTHERN NEW<br>ENGLAND, and DOMINIC HERRERA,<br><br>Defendants. | 2:22-cv-83<br><br>**COMPLAINT** |

## COMPLAINT

### I. Introduction

1. This personal injury action arises from negligence and medical malpractice in the State of Vermont.

### II. The Parties

2. At all times relevant to this action, MEGAN COMBATTI and SUZANNE MUELLER resided in Rutland, Vermont.

3. Defendants are THE AMERICAN RED CROSS, RED CROSS OF NORTHERN NEW ENGLAND, and DOMINIC HERRERA.

4. American Red Cross is a non-profit, tax-exempt charitable institution granted a charter by the United States Congress. Red Cross of Northern New England is a non-profit, tax-exempt charitable institution granted a charter by the United States Congress. It serves residents of Maine, New Hampshire and Vermont through local chapters and Blood Donation Centers.

5. On information and belief, Dominic Herrera is a phlebotomy technician, employed by American Red Cross and Red Cross of Northern New England, and resides in Chittenden County, Vermont.

### III. Jurisdiction and Venue.

6. This Court has jurisdiction over this case under 36 U.S.C. S. §§ 1-16. The American Red Cross is a federally chartered corporation. Congress included among American Red Cross' enumerated corporate powers the capacity to "sue and be sued" in courts of law and equity, State or Federal, within the jurisdiction of the United States.

7. There is proper venue in the District of Vermont pursuant to 28 U.S.C. § 1391 (b)(2). All the events giving rise to the plaintiffs' claims occurred within the District of Vermont.

### IV. Factual Allegations

8. At all times mentioned herein, Megan Combatti and her spouse Suzanne Mueller, were residents of Rutland County, Vermont.

9. At all times mentioned herein, American Red Cross and Red Cross of Northern New England were and are federally chartered corporations with chapters and headquarters in Vermont.

10. At all times relevant to his action, Dominic Herrera was an employee of American Red Cross and Red Cross of Northern New England.

11. On July 13, 2021, Megan Combatti, a regular blood donor, went to a Red Cross of Northern New England blood drive held at the Rutland Armory in Rutland Vermont, to donate blood.

12. At all material times, Dominic Herrera held himself out as a phlebotomist specializing in venipuncture and infusions.

13. At all material times, Dominic Herrera was acting as the agent, servant, and employee of The American Red Cross and Red Cross of Northern New England.

14. The assigned phlebotomist inserted a needle two or three times into Megan Combatti's left arm attempting to find a vein to begin the blood donation. Two or three times she was unsuccessful. Another phlebotomist then unsuccessfully used the same needle to find a vein.

15. The two phlebotomists then summoned Dominic Herrera to Megan Combatti's side and asked him to assist in finding a vein in Megan Combatti's left arm.

16. Dominic Herrera attempted unsuccessfully to locate a vein in Megan Combatti's arm, then withdrew the needle and jabbed it into her arm, performing what is known as a "blind stick."

17. When Dominic Herrera stabbed the needle into her arm, Megan Combatti immediately cried out in pain and experienced intense pain in her arm and into her shoulder.

18. Directly after jabbing the needle in Megan Combatti's arm, Dominic Herrera said he was sorry and walked away, leaving the needle in her arm.

19. The original phlebotomist stated to Megan Combatti, "I don't know what that was…that wasn't the right way to do this."

20. Megan Combatti went to the hospital that night and was diagnosed with nerve damage.

21. Megan Combatti has been diagnosed with complex regional pain syndrome and nerve damage and has undergone extensive treatment since July 13, 2021.

22. Since July 13, 2021, Megan Combatti has been unable to work, is disabled, and cannot return to her employment.

**First Cause of Action: Negligence, Failure to Observe the Standard of Care**

23. Defendants owed Megan Combatti a duty of ordinary care, a duty to provide adequate health services, and a duty to exercise reasonable care.

24. Dominic Herrera, as a phlebotomist employee of American Red Cross and Red Cross of Northern New England, breached his duty of care to Megan Combatti when he negligently and carelessly stabbed her arm with a needle.

25. As a direct and proximate result of defendants' negligence and failure to meet the standard of care for a health care provider, Megan Combatti suffered severe personal injuries including, but not limited to, nerve damage, complex regional pain syndrome, conscious pain and suffering, mental anguish. and emotional distress.

26. As a further direct and proximate result of defendants' negligence, and failure to observe the standard of care, Plaintiff Megan Combatti has undergone painful and extensive medical care, incurred bills and expenses attendant to her injuries and aforesaid condition, and will continue to require extensive medical care and incur bills and expenses throughout her life.

## Second Cause of Action: Negligent Failure to Train and Supervise Employees

27. The American Red Cross and Red Cross of Northern New England negligently failed to maintain and adhere to the appropriate and proper standards of conduct and performance of its agents, servants, and employees, in that they:

   a. negligently failed to train their employee, Dominic Herrera;

   b. negligently failed to supervise their employee, Dominic Herrera.

28. The American Red Cross and Red Cross of Northern New England are liable for the negligence of Dominic Herrera under the doctrine of *respondeat superior*.

## Third Cause of Action: Pecuniary Losses

29. As a result of defendants' negligence and failure to adhere to the standard of care, Plaintiff Megan Combatti has suffered pecuniary injuries, including but not limited to, loss of income from employment, loss of employment, loss of employment opportunity, and loss of future earnings.

## Fourth Cause of Action: Loss of Consortium

30. Paragraphs 1 – 29 are realleged and incorporated here.

31. As a direct and proximate result of the defendants' negligence, Suzanne Mueller claims damages for loss of consortium, loss of society, affection, assistance, and marital relationship with her spouse, due to the injuries caused her spouse by defendants' negligence and failure to adhere to the standard of care. She claims expenses and any and all consequential damages as are just.

**WHEREFORE**, Plaintiffs demand judgment of the Defendants for damages in an amount to be determined by the fact finder, plus costs; and to grant the plaintiffs such further relief as this Court may deem just and equitable.

Dated at Manchester, Vermont this 5th day of April, 2022.

By: _____
David J. Pollock, Esq.
Martin, Harding & Mazzotti, LLP
*Attorney for the Plaintiffs*
5046 Main Street
Manchester Center, Vermont 05255
david.pollock@1800law1010.com
(802) 375-1122